IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MSM PARTNERSHIP, D/B/A SPORTSMED, | : : : |
| Plaintiff, | : : |
| v. | : Case No. 2:10-CV-750 : : JUDGE ALGENON L. MARBLEY |
| KATHLEEN SIBELIUS, Secretary United States Department of Health and Human Services, | : : Magistrate Judge King : : |
| Defendant. | : |

## ORDER & OPINION

### I. INTRODUCTION

This matter is currently before the Court on Defendant Kathleen Sibelius's Motion to Dismiss. (Doc. 12). The Defendant moves to dismiss the Plaintiff MSM Partnership D/B/A Sportsmed ("Sportsmed")'s Complaint. (Doc. 2). For the reasons set forth below, the Defendant's Motion to Dismiss is **GRANTED**.

### II. BACKGROUND

Sportsmed is a service provider of outpatient physical therapy to patients enrolled in the Medicare program. Sportsmed submitted claims for reimbursement under Medicare Part B for services provided from January 3, 2000 through March 23, 2005 to Palmetto GBA ("Palmetto"), the Medicare Part B carrier for Ohio and West Virginia. On December 8, 2003, program safeguard contractor ("PSC"), AdvanceMed, began a review of these submitted claims. According to the Complaint, after reviewing the 368 physical therapy services Sportsmed provided, AdvanceMed determined that the Plaintiff had been overpaid by $430,259.46. On

July 24, 2008, Palmetto issued a letter demanding Sportsmed repay this amount. On August 6, 2008, the Plaintiff requested a redetermination of AdvanceMed's decision.

On November 3, 2008, Palmetto issued a redetermination decision in which it concluded that Sportsmed had provided services that were neither reasonable nor necessary and, therefore, disallowed all 368 of Sportmed's unpaid claims. Palmetto did, however, reduce the total overpayment amount to $428,454.

On April 27, 2009, Sportsmed requested reconsideration for all claims previously disallowed. First Coast Service Options ("First Coast"), a qualified independent contractor ("QIC"), conducted the reconsideration review and affirmed Palmetto's redetermination decision. Following this decision, Sportsmed requested a hearing before an Administrative Law Judge ("ALJ") to review First Coast's affirmation of Palmetto's reconsideration decision.

On December 1, 2009, an ALJ conducted a hearing. On February 16, 2010, the ALJ issued a partially favorable decision for Sportsmed. Of the 368 claims, the ALJ made unfavorable decisions for eighteen of the claims and favorable decisions for the remaining 350 claims. The ALJ instructed AdvanceMed to recalculate the overpayment amount in accordance with its findings.

On April 15, 2010, Q2Administrators, LLC ("Q2A"), an Administrative Qualified Independent Contractor, referred the case to the Medicare Appeals Council ("MAC") on its own motion, pursuant to 42 C.F.R. § 405.1110. In referring the case, Q2A alleged that the ALJ had erred in allowing payment to Sportsmed without considering whether services met the requirements of § 1861(s)(2)(A) of the Social Security Act and 42 C.F.R. § 410.26.

On July 13, 2010, the MAC issued a decision in which it reversed the ALJ's decision and

remanded the case back to the ALJ for further proceedings. In its Complaint, the Plaintiff alleges that this remand is a final action by the MAC pursuant to 42 C.F.R. § 405.1110, and, thus, this Court has jurisdiction over the matter. In her Motion to Dismiss, the Defendant argues that this Court lacks jurisdiction over the present action because the Plaintiff has not exhausted all of the administrative remedies available under the Medicare Act. This matter is currently before the Court.

### III. STANDARD OF REVIEW

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiff's allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

### IV. LAW AND ANALYSIS

In her Motion, the Defendant argues that this Court lacks jurisdiction because the Plaintiff has not yet exhausted all the administrative review remedies available under the Medicare Act. In its Response, the Plaintiff argues that this Court can exercise jurisdiction at this stage because the MAC incorrectly applied the law in ordering the remand.

Federal district courts are courts of limited jurisdiction. Thus, an action is presumed to lie outside the Court's limited jurisdiction unless the party asserting jurisdiction can prove the contrary. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Medicare Act specifically limits

the circumstances under which federal courts have jurisdiction over cases involving the Medicare program. 42 U.S.C. §1395ii, 42 U.S.C. § 405(h) . Specifically, the Supreme Court has recognized that Section 405(g) of the Medicare Act, to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all claim[s] arising under the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984). In reaching its decision, the *Heckler* Court cited the relevant portion of 42 U.S.C. § 405(g), which states that:

> "Any individual, after any final decision of the Secretary made after a hearing to which he was a party...may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

*Heckler,* 466 U.S. at 630. Thus, the final administrative remedy provided for under Section 405(g) is a decision by the Secretary of Health and Human Services.

In this case, the Plaintiff petitions this Court for a decision after the MAC remanded the case back to the ALJ for further proceedings. The Plaintiff argues that because the MAC incorrectly applied the law in reaching this remand decision, this Court can now properly exercise jurisdiction since pursuing further Medicare administrative review methods would be futile.

Both the clear language of the Medicare Act and *Heckler*, however, explicitly state that the last stage of review before a district court has jurisdiction over a Medicare claim is a final decision from the Secretary of Health and Human Services. In this case, the Secretary has made no such decision. Indeed, in neither its Complaint nor its Response to the Defendant's Motion to Dismiss does the Plaintiff assert that the Secretary has reviewed this claim. Thus, pursuant to *Heckler* and 42 U.S.C. § 405(g), without such a final decision from the Secretary, this Court has no jurisdiction

over the matter.

The Plaintiff further argues that because the MAC has improperly exercised its authority in issuing the remand, its decision is, therefore, "final" under 42 U.S.C. § 405(g). The Sixth Circuit, however, has rejected this argument in finding that a MAC remand decision, even one issued based on improper means, is not a final decision under the Medicare Act. *See Duda v. Secretary of Health of Human* Services, 834 F.2d 554, 555 (6th Cir. 1987). Thus, because the Secretary of Health and Human Services has yet to issue a final decision on this matter and the MAC's remand decision is not final, the Plaintiff has yet to exhaust the administrative remedies provided for under 42 U.S.C. § 405(g). This Court, therefore, lacks subject matter jurisdiction over the present action and **GRANTS** the Defendant's Motion to Dismiss.

## V. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED** without prejudice. The Plaintiff, therefore, is free to file a new complaint once the Secretary has reached a final decision in the matter.

**IT IS SO ORDERED.**

                                               s/Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT COURT**

**Dated: March 29, 2011**